UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
          Plaintiff

v.                                                    Case No.:   8:24-cv-1791-SDM-SPF

WHITE'S DIESEL PERFORMANCE
INC., et al.,

          Defendant.

_____

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Judgment is entered for the plaintiff and against the defendant. Proposed consent decree attached.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: June 25, 2025

                                        ELIZABETH M. WARREN,
                                        CLERK

                                        s/NR, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1.     <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)     **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Pitney Bowes, Inc. V. Mestre</u>, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)     **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), <u>Williams v. Bishop</u>, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); <u>LaChance v. Duffy's Draft House, Inc.</u>, 146 F.3d 832, 837 (11th Cir. 1998).

    (c)     **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)     **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)     **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: <u>Cohen V. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); <u>Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.</u>, 890 F. 2d 371, 376 (11th Cir. 1989); <u>Gillespie v. United States Steel Corp.</u>, 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.     <u>Time for Filing:</u> The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)     **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)     **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)     **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)     **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)     **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.     <u>Format of the notice of appeal</u>: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See also</u> Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.     <u>Effect of a notice of appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I (Jurisdiction and Venue), and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and Sections 204 and 205 of the CAA, 42 U.S.C. §§ 7523 and 7524.

2.    Venue in the Middle District of Florida is proper pursuant to Sections 204 and 205 of the CAA, 42 U.S.C. §§ 7523 and 7524, and 28 U.S.C. §§ 1391(b)(2) and 1395(a), because White's Diesel is located in and is doing business in this District.

3.    For purposes of this Consent Decree, or any action to enforce this Decree, White's Diesel consents to the Court's jurisdiction over this Decree or such action and over White's Diesel, and consents to venue in this judicial district.

4.    For purposes of this Consent Decree, White's Diesel agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 203, 204, and 205 of the CAA, 42 U.S.C. §§ 7522, 7523, and 7524.

## II.    APPLICABILITY

5.    The obligations of this Consent Decree are binding upon the United States, and apply to and are binding upon White's Diesel, and on any successors, assigns or other entities or persons otherwise bound by law.

3

6.      No transfer of ownership or operation of White's Diesel, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve White's Diesel of the obligation to ensure that the terms of the Decree are implemented, unless:

(a) the transferee agrees to be substituted for White's Diesel as a Party under the Decree and thus be bound by the terms thereof;

(b) the United States consents to relieve White's Diesel of its obligations; and

(c) the Court approves a modification of the Consent Decree (i) substituting the transferee for White's Diesel; (ii) relieving White's Diesel of its obligations to the extent the United States consents; and (iii) providing that the transferee will implement all the terms of the Consent Decree.

The United States also may refuse to relieve White's Diesel of its obligations if it determines that the proposed transferee does not have the financial or technical ability to comply with the requirements of the Decree.  The United States also may refuse to relieve White's Diesel of its obligations if the United States determines White's Diesel has ownership of or financial interest in the proposed transferee.  At least 30 Days prior to such transfer, White's Diesel shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA and to the United States Department of Justice in accordance with Section XII (Notices).  Any attempt to transfer ownership or operation of White's Diesel, without complying with this Paragraph, constitutes a violation of this Decree.

7.      Within 30 Days of the Effective Date, White's Diesel shall provide a copy of this Consent Decree (including all Appendices) to all officers, directors, employees and agents of White's Diesel whose duties might reasonably include compliance with any provision of this

4

Decree, as well as to any contractor retained to perform work required under this Consent Decree. White's Diesel shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

8.      In any action to enforce this Consent Decree, White's Diesel shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

III.    DEFINITIONS

9.      Terms used in this Consent Decree that are defined in the Act or in regulations promulgated in accordance with the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Act" means the Clean Air Act, as amended, 42 U.S.C. § 7401 *et seq.*

b.      "Complaint" means the Complaint filed by the United States in this action.

c.      "Consent Decree" or "Decree" means this Decree and Appendix A.

d.      "Date of Lodging" means the day that this Consent Decree was lodged with the Court for public comment pursuant to Section XVII (Public Participation).

e.      "Day" means a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

f.      "Defendant" means White's Diesel Performance In. d/b/a White's Diesel Performance Inc.

g.      "DOJ" means the United States Department of Justice and any of its successor departments or agencies.

h.      "Effective Date" shall have the definition provided in Section XIII (Effective Date).

i.   "Element of Design" is any control system (i.e., computer software, electronic control system, computer logic), and/or control system calibrations, and/or the results of systems interactions, and/or hardware items on a Motor Vehicle or Motor Vehicle Engine, as defined in 40 C.F.R. § 86.1803-01.

j.   "Emissions-Related Element of Design" means any part, device, or element of design installed on or in a Motor Vehicle or Motor Vehicle Engine by an OEM for the specific purpose of controlling emissions or which must function properly to assure continued vehicle emission compliance, including but not limited to:

   i.     Ammonia sensors;

   ii.    Diagnostic Trouble Codes or DTCs;

   iii.   Diesel Oxidation Catalysts or DOCs;

   iv.    Diesel Particulate Filters or DPFs;

   v.     DPF differential pressure sensors;

   vi.    Exhaust Gas Recirculation systems or EGRs;

   vii.   Exhaust gas temperature sensors;

   viii.  NOx Adsorber Catalyst systems or NACs;

   ix.    NOx sensors;

   x.     On-Board Diagnostics systems or OBDs;

   xi.    Oxygen sensors;

   xii.   Particulate Matter sensors or PM sensors;

   xiii.  Selective Catalytic Reduction Systems or SCRs;

   xiv.   Urea quality sensors;

   xv.    Engine calibrations that affect engine combustion (e.g., fuel injection timing, multiple injection patterns, fuel injection mass for each injection event, fuel injection pressure, boost pressure, EGR flowrate, mass air flowrate, EGR cooler bypassing); and

   xvi.   Any other part, device, or element of design installed in compliance with Title II of the CAA and its regulations.

6

k.     "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies.

l.     "Financial Information" means the documentation and other information submitted by Defendant to the EPA via email on August 2, 2024.

m.     "Identified Subject Products" are the Subject Products identified in Appendix A.

n.     "Marketing Materials" means all materials or communications containing or conveying information that is generated or controlled by the Defendant to discuss, describe, or explain any of Defendant's products and services, in any form, including but not limited to electronic and hardcopy information used in advertisements, information on Defendant's website(s), training materials, online videos (e.g., YouTube), social media webpages (e.g., Facebook, Instagram) and user manuals or guides.

o.     "Motor Vehicle" has the meaning provided in 42 U.S.C. § 7550(2) and 40 C.F.R. § 85.1703.

p.     "Motor Vehicle Engine" means an internal combustion engine that powers a Motor Vehicle.

q.     "Original Equipment Manufacturer" or "OEM" means the manufacturer responsible for the design and production of a Motor Vehicle or Motor Vehicle Engine.

r.     "Paragraph" means a portion of this Decree identified by an Arabic numeral.

s.     "Parties" means the United States and Defendant.

t.     "Permanently Delete and/or Destroy" means (a) in the case of hardware, to crush the device and all of its parts or components to render them useless; and (b) in the case of software, firmware, tunes, calibrations, or other programming, to completely and permanently erase all programming and information.

u.     "Section" means a portion of this Decree identified by a Roman numeral, including all Paragraphs thereunder.

v.     "Subject Product" means any aftermarket automotive part or component: (i) a principal effect of which is to bypass, defeat, or render inoperative a Motor Vehicle emission control device or Emissions-Related Element of Design; (ii) that enables an Emissions-Related Element of Design to be removed, disabled, or bypassed; (iii) that interferes with the function or, or allows the removal of, one or more Emissions-Related Elements of Design; (iv) that modifies one or more Emissions-Related Elements of Design; or (v) that is materially similar to any of the Identified Subject Products.

7

w.    "United States" means the United States of America, acting on behalf of EPA.

## IV.    CIVIL PENALTY

10.    Not later than 30 Days after the Effective Date, White's Diesel shall pay the sum of $10,000 as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 ("Interest") as of the Date of Lodging.

11.    The United States' agreement to the amount of the civil penalty required by Paragraph 10 is conditioned upon the veracity and completeness of Defendant's Financial Information, which indicates the Defendant lacks the resources to pay a more substantial penalty. White's Diesel hereby certifies that the Financial Information is true, accurate, and complete and that there has been no material improvement in White's Diesel's financial condition between the time when the Financial Information was submitted and the date White's Diesel signs this Consent Decree.  Notwithstanding any other provision of this Consent Decree, the United States reserves the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if White's Diesel's Financial Information is false, or, in any material respect, inaccurate or incomplete.  This right is in addition to any other rights and causes of action, civil or criminal, that the United States may have under law or equity in such event.

12.    The Defendant shall pay the civil penalty due, together with interest, by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions to be provided to White's Diesel by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Middle District of Florida after the Effective Date.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS")

number, which White's Diesel shall use to identify the payment in accordance with this Consent Decree. The FLU will provide the payment instructions to:

>       Jake C. White
>       Owner
>       White's Diesel Performance Inc.
>       602 Church Street
>       Nokomis, FL  34275
>       whitesdieselinfo@gmail.com

on behalf of Defendant and himself, as the owner of White's Diesel. Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and EPA in accordance with Section XII. (Notices).

13.     At the time of payment, Defendant shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Division, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to DOJ via email or regular mail in accordance with Section XII (Notices); and (iii) to EPA's designee in Section XII (Notices). Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States v. White's Diesel Performance Inc.* and shall reference the civil action number, CDCS Number, and DOJ case number 90-5-2-1-12438.

14.     White's Diesel shall not deduct any penalties paid under this Decree in accordance with this Section or Section VII (Stipulated Penalties) in calculating federal income tax.

## V.     COMPLIANCE REQUIREMENTS

15.     Prohibition Pertaining to Subject Products. White's Diesel shall not sell, offer to sell, or install any Subject Product either directly or through any other business owned by, operated by, or affiliated, in whole or in part, with Jake C. White or White's Diesel.

9

16.    <u>Prohibition on Investment and Ownership</u>.  Beginning on the Effective Date, White's Diesel shall not have any ownership interest in or invest in any person or entity that White's Diesel  knows, or with reasonable diligence should know, manufactures, sells, offers to sell, or installs in a Motor Vehicle or Motor Vehicle Engine any Subject Product; nor shall White's Diesel assist any person or entity in manufacturing, selling, offering to sell, or installing any Subject Product in a Motor Vehicle Engine.

17.    <u>Destruction of All Subject Products</u>.  No later than 30 Days after the Effective Date, White's Diesel shall Permanently Delete and/or Destroy all Subject Products in its possession or control, including those Subject Products available through any proprietary or cloud system.  Pursuant to Paragraph 25, White's Diesel shall provide to EPA information about all Subject Products deleted or destroyed pursuant to this Paragraph consistent with the requirements in Section VI (Reporting Requirements).

18.    <u>Prohibition on Technical Support for All Subject Products</u>.  White's Diesel shall not offer or make available any technical support or other information (including marketing materials) pertaining to the installation, manufacture, sale, use, or repair of any Subject Product. White's Diesel shall deny all warranty claims pertaining to any Subject Product.

19.    <u>Removal of Subject Products</u>.  Notwithstanding the requirements of Paragraph 18, White's Diesel may assist customers in removing any Subject Products from vehicles on which they were installed and returning such vehicles to the OEM settings.  White's Diesel may provide technical support to customers that does not involve the installation, manufacture, sale, use or repair of Subject Products.

10

20.     <u>Prohibition on Tampering</u>.  After the Effective Date, Defendant shall not remove or render inoperative any device or Emissions-Related Element of Design that has been installed on or in a Motor Vehicle or Motor Vehicle Engine in order to comply with the CAA.

21.     <u>Revision of Marketing Materials</u>.  No later than 30 Days after the Effective Date, White's Diesel shall revise all marketing materials, including websites, to ensure that such materials do not include any information, including, but not limited to, instructions or demonstrations that pertains or relates in any way to replacing, overwriting, deleting, bypassing, defeating, or rendering inoperative any emission control device or Emissions-Related Element of Design.  White's Diesel shall remove all references and photos on its website and social media webpages, including customer reviews, that describe or depict Subject Products and vehicles that have been tampered with using Subject Products.

22.     <u>Posted Statement on Website</u>.  No later than 30 Days after the Effective Date, and at least until this Decree is terminated according to Section XVI (Termination), Defendant shall post the following statement on its website, on the homepage or accessible by a link on the homepage and titled "Settlement for Alleged Violations of the Clean Air Act":

> On [Effective Date], White's Diesel Performance Inc. cooperatively entered into a settlement with the United States Department of Justice and the Environmental Protection Agency to resolve alleged violations of the Clean Air Act related to the removal and rendering inoperative of motor vehicle emission control devices and the failure of White's Diesel to respond timely and completely to the EPA's Request for Information.  By signing a consent decree lodged in the United States District Court in the Middle District of Florida, White's Diesel has certified it will not sell, install, or market devices intended to defeat or bypass a vehicle's emission controls.  As part of the settlement, White's Diesel agreed to pay a civil penalty of $10,000 and comply with the consent decree to ensure ongoing compliance with the law.

23.    <u>Certification of Compliance</u>.  By signing this Decree, White's Diesel certifies under penalty of law that it has not sold, offered to sell, installed, or distributed any Subject Products since November 30, 2019.

24.    <u>Decree Not a Compliance Determination</u>.  White's Diesel shall not state or imply in any way that, as a result of this Consent Decree, any product is covered by a compliance determination (or similar designation) from EPA.

## VI.    REPORTING REQUIREMENTS

25.    No later than 60 Days after the Effective Date, Defendant shall submit a list of Subject Products that were permanently deleted and/or destroyed pursuant to Paragraph 17, including: (a) all hardware products, including product names, type, serial numbers, and date of destruction; and (b) a list of all software, data, or other information that was destroyed or deleted, including the type of software, data or other information and the date of destruction or deletion. The list is to be submitted to the EPA designee provided in Section XII (Notices).  If no Subject Products were deleted or destroyed because none are in the Defendant's inventory or under Defendant's control, White's Diesel shall provide a written statement to that effect to the EPA designee in Section XII (Notices).

26.    Along with the documents required to be submitted pursuant to Paragraph 25, Mr. Jake C. White shall include the following certification under his signature:

> I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

12

27.     Any information provided in accordance with this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.    STIPULATED PENALTIES

28.     White's Diesel shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified in the table below, unless reduced or waived by the United States pursuant to Paragraph 32.  A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

| Consent Decree Violation | Total Stipulated Penalty |
| --- | --- |
| Sell, offer to sell, or install any Subject Product, in violation of the requirements of Paragraph 15 (Prohibitions Pertaining to Subject Products) | For the first 100 Subject Products; $2,500 per Subject Product sold or installed.  For each Subject Product thereafter, $4,500 per Subject Product sold or installed thereafter. |
| Failure to comply with the requirements of Paragraph 16 (Prohibition on Investment and Ownership) | $1,000 per Day for the first 15 Days of noncompliance; $2,500 per Day for the 16th through 30th Days of noncompliance; and $5,000 per Day thereafter. |
| Failure to comply with the requirements of Paragraph 17 (Destruction of All Subject Products) | $1,000 per Day for the first 15 Days of noncompliance; $2,000 per Day for the 16th through 30th Days of noncompliance; and $4,000 per Day thereafter. |
| Failure to comply with any requirements of Paragraph 18 (Prohibition on Technical Support for All Subject Products) | $1,000 per Day for the first 15 Days of noncompliance; $2,000 per Day for the 16th through 30th Day of noncompliance; and $2,500 per Day thereafter. |
| Failure to comply with the requirements of Paragraph 20 (Prohibition on Tampering) | $5,000 per device or Emissions-Related Element of Design that was removed or rendered inoperative. |
| Failure to comply with the requirements in Paragraph 21 (Revision of Marketing Materials) | $1,000 per Day for the first 15 Days of noncompliance; $1,500 per Day for the 16th through 30th Days of noncompliance; and $2,000 per Day thereafter. |

| Failure to comply with the requirements in Paragraph 22 (Posted Statement on Website) | $1,000 per Day for the first 15 Days of noncompliance; $1,500 per Day for the 16th through 30th Days of noncompliance; and $2,000 per Day thereafter. |
|---|---|
| Failure to comply with the requirements in Paragraphs 25 and 26 (Reporting Requirements) | $1,000 per Day for the first 15 Days of noncompliance; $1,500 per Day for the 16th through 30th Days of noncompliance; and $2,000 per Day thereafter. |
| Violation of any other requirement of this Consent Decree. | $500 per Day for the first 15 Days of noncompliance; $1,000 per Day for the 16th through 30th Days of noncompliance; and $2,500 per Day thereafter. |

29.     Late Payment of Civil Penalty.  If White's Diesel fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, White's Diesel shall pay a total stipulated penalty of $1,000 per Day for each Day that the payment is late.

30.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

31.     White's Diesel shall pay stipulated penalties to the United States within 30 Days of written demand by the United States, unless White's Diesel invokes the dispute resolution procedures under Section VIII (Dispute Resolution) within the 30-Day period.

32.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

33.     Stipulated penalties shall continue to accrue as provided in Paragraph 30 during any Dispute Resolution, but need not be paid until the following:

    a.      If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, White's Diesel shall pay accrued penalties

14

determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, White's Diesel shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.    If any Party appeals the District Court's decision, White's Diesel shall pay all accrued penalties determined to be owing by the District Court or Appellate Court, together with interest, within 15 Days of receiving the final appellate court decision.

34.    White's Diesel shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraphs 12 and 13, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

35.    If White's Diesel fails to pay stipulated penalties according to the terms of this Consent Decree, White's Diesel shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph limits the United States from seeking any remedy otherwise provided by law for White's Diesel's failure to pay any stipulated penalties or interest.

36.    The payment of stipulated penalties and/or interest pursuant to this Section shall not alter in any way White's Diesel's obligation to complete the performance of the requirements of this Consent Decree.

37.    Non-Exclusivity of Remedy.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section X (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for White's Diesel's violation of this Decree or applicable law.  Where a violation of this

15

Decree is also a violation of statutory or regulatory requirements, White's Diesel shall be allowed a credit, for any stipulated penalties paid, against any statutory penalty assessed for such violation under the applicable federal requirement.

<div align="center">VIII.   DISPUTE RESOLUTION</div>

38.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  White Diesel's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

39.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends DOJ and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 10 Days after the conclusion of the informal negotiation period, White's Diesel invokes formal dispute resolution procedures as set forth below.

40.    Formal Dispute Resolution.  White's Diesel shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and supporting documentation relied upon by Defendant.

16

41.     The United States will send Defendant its Statement of Position within 45 Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

42.     Judicial Dispute Resolution.  Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XII (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within 30 Days of receipt of the United States' Statement of Position under the preceding Paragraph.  The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.  The motion may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 39, unless the United States raised a new issue of law or fact in its Statement of Position.

43.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

44.     Standard of Review.

        a.      Disputes Concerning Matters Accorded Record Review.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 42 pertaining to any items requiring approval by EPA under this Consent Decree (i.e. Paragraphs 13, 17, 21,

22, 25 and 26); the adequacy of the performance of work undertaken pursuant to this Consent

Decree; and all other disputes that are accorded review on the administrative record under

applicable principles of administrative law, White's Diesel shall have the burden of

demonstrating, based on the administrative record, that the position of the United States is

arbitrary and capricious or otherwise not in accordance with law.

        b.    <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in

any other dispute brought under Paragraph 42, White's Diesel shall bear the burden of

demonstrating that its position complies with this Consent Decree and better furthers the

objectives of the Consent Decree.

    45.    The invocation of dispute resolution procedures under this Section shall not, by

itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent

Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with

respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but

payment shall be stayed pending resolution of the dispute as provided in Paragraph 33.  If

Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid

as provided in Section VII (Stipulated Penalties).

<div align="center">IX.   INFORMATION COLLECTION AND RETENTION</div>

    46.    The United States and its authorized representatives, including attorneys,

contractors, and consultants, shall have the right of entry into any of White's Diesel's business

facilities, at all reasonable times, upon presentation of credentials, to:

    a.    Monitor the progress of activities required under this Consent Decree;

    b.    Verify any data or information submitted to the United States in accordance with
           the terms of this Consent Decree;

    c.    Inspect records and any product(s) regulated under Title II of the CAA or the
           regulations promulgated thereunder;

18

      d.      Obtain documentary evidence, including photographs, software, or other data or information; and

      e.      Assess Defendant's compliance with this Consent Decree.

47.    This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information from White's Diesel, that is held by the United States pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of White's Diesel to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## X.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

48.    This Consent Decree resolves only the civil claims of the United States for the violations alleged in the Complaint filed in this action through the Date of Lodging.

49.    Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief in addition to that provided in this Consent Decree, if the Financial Information provided by Defendant, or the certification made by Defendant in Paragraph 11, is false or, in any material respect, inaccurate.

50.    The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  The Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 48.

51.    The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment

19

arising as a result of White's Diesel's business or any of its products, whether related to the violations addressed in this Consent Decree or otherwise.

52.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Defendant's operations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved under Paragraph 48.

53.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced under any such laws, regulations, or permits, except as set forth herein.  The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CAA, or with any other provisions of federal, State, or local laws, regulations, or permits.

54.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

55.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

<div align="center">XI.     COSTS</div>

56.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

<div align="center">XII.     NOTICES</div>

57.     Unless otherwise specified in this Consent Decree, whenever notifications, submissions, statements of position, or communications are required by this Consent Decree (referred to as "notices" in this Section), they shall be made electronically to the addresses below.

| | |
|---|---|
| As to DOJ: | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-2-1-12438 |
| As to EPA: | EPA_R4_CAA_Consent_Decree_Reports@epa.gov<br>and to griffith.carrie@epa.gov (EPA's designee) |
| As to Defendant: | White's Diesel Performance In.<br>c/o Jake C. White, Owner<br>whitesdieselinfo@gmail.com |

58.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

59.     Notices submitted under this Section shall be deemed submitted upon transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

### XIII.    EFFECTIVE DATE

60.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

### XIV.    RETENTION OF JURISDICTION

61.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, under Sections VIII (Dispute Resolution) and XV (Modification), or effectuating or enforcing compliance with the terms of this Decree.

### XV.    MODIFICATION

62.    The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Appendix A (Identified Subject Products) may be modified upon written agreement by the Parties and shall be considered a non-material change to this Consent Decree.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

63.    Any disputes concerning modification of this Decree shall be resolved under Section VIII (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 44, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

### XVI.    TERMINATION

64.    After Defendant has: (a) completed the requirements of Paragraphs 10, 13, 17, 21, 22, 25, and 26; (b) complied with Paragraphs 14, 15, 16, 18 and 20 for at least one year after the

22

Effective Date; (c) paid the civil penalty required by Section IV (Civil Penalty), including any accrued Interest; and (d) paid any accrued stipulated penalties as required by this Consent Decree, White's Diesel may serve upon the United States a Request for Termination, stating that White's Diesel has satisfied these requirements, together with all necessary supporting documentation.

65.    Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether White's Diesel has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

66.    If the United States does not agree that the Decree may be terminated, White's Diesel may invoke Dispute Resolution under Section VIII of this Decree.  However, White's Diesel shall not seek Dispute Resolution of any dispute regarding termination until 90 Days after service of its Request for Termination.

## XVII.  PUBLIC PARTICIPATION

67.    This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  White's Diesel consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to

challenge any provision of the Decree, unless the United States has notified White's Diesel in writing that it no longer supports entry of the Decree.

## XVIII. SIGNATORIES/SERVICE

68.     Each undersigned representative of White's Diesel and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

69.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  White's Diesel agrees to accept service of process by email with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. White's Diesel agrees to accept service of all pleadings subsequent to the Complaint via Electronic Case Filing.  White's Diesel need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.   INTEGRATION

70.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than the deliverables that are subsequently submitted pursuant to this Decree, no other document, nor any representation, inducement, agreement, understandings, or promise constitutes any part of this Decree or the settlement it represents.

## XX.    FINAL JUDGMENT

71.    Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States and Defendant.

## XXI.    26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

72.    For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the

Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), performance of Section II (Applicability),

Paragraph 7; Section V (Compliance Requirements), Paragraphs 17, 21, and 22; Section VI

(Reporting Requirements), Paragraphs 25 and 26; and Section IX (Information Collection and

Retention), Paragraph 46, is restitution or required to come into compliance with law.

## XXII.    APPENDIX

73.    "Appendix A" is a list of Identified Subject Products.  It is attached to and part of

this Consent Decree.


Dated and entered this _____ day of _____, 2025.


_____

UNITED STATES DISTRICT JUDGE

We hereby consent to the entry of the Consent Decree in the matter of <u>United States v. White's Diesel Performance In. d/b/a White's Diesel Performance Inc.</u>, subject to public notice and comment:

FOR THE UNITED STATES OF AMERICA:


PATRICIA McKENNA
Deputy Section Chief


<u>December 4, 2024</u>          <u>/s/ Steven O'Rourke</u>
Date                          STEVEN O'ROURKE
                              Environmental Enforcement Section
                              U.S. Department of Justice
                              Washington, DC  20002
                              (202) 514-2779
                              Steve.o'rourke@usdoj.gov

26

We hereby consent to the entry of the Consent Decree in the matter of <u>United States v. White's Diesel Performance In. d/b/a White's Diesel Performance Inc.</u>, subject to public notice and comment:

<div style="margin-left:40%">

FOR THE U.S. ENVIRONMENTAL
PROTECTION AGENCY REGION 4:

</div>

Leif Palmer

Digitally signed by Leif Palmer
Date: 2024.12.23 12:12:35
-05'00'

_____          _____
Date                             LEIF PALMER
                                 Regional Counsel
                                 United States Environmental Protection Agency
                                 Region 4
                                 Atlanta, Georgia

OF COUNSEL:

STACY SHELTON
Air and EPCRA Legal Branch
Office of Regional Counsel
United States Environmental Protection Agency
Region 4
Atlanta, GA

We hereby consent to the entry of the Consent Decree in the matter of <u>United States v. White's Diesel Performance In. d/b/a White's Diesel Performance Inc.</u>, subject to public notice and comment:

FOR DEFENDANT WHITE'S DIESEL PERFORMANCE IN. D/B/A WHITE'S DIESEL PERFORMANCE INC.:

12/4/24
_____
Date

_____
Jake C. White
Owner
White's Diesel Performance Inc.
602 Church Street
Nokomis, FL  34275

28

# APPENDIX A:

# Identified Subject Products

## Appendix A:  Identified Subject Products

| Ref No. | Product Name | Part Number |
|---|---|---|
| 1 | anarchy diesel autocal | 06075ADTLBZAC |
| 2 | 06-07 6.6 duramax | 0607DADM |
| 3 | 06-07 6.6 duramax | 0607DAST |
| 4 | 06-07 5.9 cummins | 0607ML1 |
| 5 | 07-09 6.7 cummins | 0709ACL |
| 6 | anarchy diesel autocal | 0709ML1 |
| 7 | 07.5-10 6.6 duramax | 07510DADACL |
| 8 | 07.5-10 6.6 duramax | 07510DADM |
| 9 | 10-12 6.7 cummins | 1012ML1 |
| 10 | 10-12 6.7 cummins | 1012ML1CTS |
| 11 | 10-12 6.7 cummins | 1012STAC |
| 12 | 11-15 6.6 duramax 4" | 11111 |
| 13 | 11-15 6.6 duramax 4" | 11112 |
| 14 | 11-16 6.6 Duramax | 1116DADACL |
| 15 | 11-16 6.6 duramax | 1116DADM1 |
| 16 | 11-16 6.6 duramax | 1116DADM2 |
| 17 | 11-16 6.6 duramax | 1116DADSTV2 |
| 18 | 13-17 6.7 cummins | 1317MAC |
| 19 | 13-17 6.7 cummins | 1317MAC-V2 |
| 20 | 13-17 6.7 cummins | 1317STAC |
| 21 | 13-17 6.7 cummins | 1317STAC-V2 |
| 22 | 07-09 dodge 6.7 cummins | 1639 |
| 23 | 10-12 dodge ram 6.7 | 1648 |
| 24 | flo-pro 10-12 dodge ram | 1649 |
| 25 | 13-17 6.7 cummins 5" | 1673 |
| 26 | 13-17 6.7 cummins 5" | 1674 |
| 27 | 2007-2009, 6.7L | 1836 |
| 28 | 10-12 ram flo-pro 4" | 1848 |
| 29 | 13-17 ram cummins | 1873 |
| 30 | flo-pro 4" aluminized | 1874 |
| 31 | 13-17 dodge cab & | 21127 |
| 32 | 13-17 dodge cab & | 21129 |
| 33 | flo pro 2007.5-2016 | 213000 |
| 34 | 13-17 6.7 cummins cab & | 213020 |
| 35 | cooler upgrade 11-15 | 220009 |
| 36 | 017 powerstroke 6.7L | 221013 |
| 37 | egr valve/cooler | 30010 |
| 38 | 2007.5-2009 6.7L | 301001 |

| Ref No. | Product Name | Part Number |
|---|---|---|
| 39 | 10-12 6.7 cummins egr & | 301008 |
| 40 | 2011-2014 6.7 power | 302201 |
| 41 | EGR delete kit | 302202 |
| 42 | 08-10 ford 6.4 | 30800EGR |
| 43 | EGR delete up-pi | 30800R |
| 44 | 15-16 Ford 6.7 diesel | 315000 |
| 45 | 11-14 ford 6.7 egr race | 3202201 |
| 46 | afe atlas 4in | 49-02054 |
| 47 | 2015.5 silverado/sierra | 49-04053 |
| 48 | 01-07 6.6 duramax 5" | 601 |
| 49 | 01-07 6.6 duramax 5" | 601NM |
| 50 | flo-pro 5" with muffler | 614 |
| 51 | 03-07 ford 6.0 flo-pro | 614NM |
| 52 | flo-pro 5" turbo back | 619 |
| 53 | 6.4 exhaust upgrade 5 | 643nb |
| 54 | gear head tuning | 64GHT |
| 55 | 11-16 ford 6.7 5" with | 652NB |
| 56 | 11-17 ford 6.7 diesel | 653NB |
| 57 | 11-17 6.7 f250/f350 | 653NM |
| 58 | 2011-2017, 6.7L | 655 |
| 59 | 11-15 6.6 duramax 5" | 664 |
| 60 | 11-12 gm 5" downpipe | 664NM |
| 61 | 15.5-16 6.6 duramax 5" | 671 |
| 62 | 15.5-16 6.6 duramax 5" | 671nm |
| 63 | no limit 15-16 ford 6.7 | 67PK15 |
| 64 | 15-16 6.7 plate | 67PKP15 |
| 65 | flo pro 5" dual 11-19 | 767 |
| 66 | 01-07 6.6 duramax 4" | 801NM |
| 67 | 03-07 6.0 f250/f350 | 824 |
| 68 | 03-07 6.0 F250/F350 | 824NM |
| 69 | 08-10 6.4 F250/F350 4" | 832NB |
| 70 | 08-10 ford 6.4 4" | 833NB |
| 71 | flo-pro 4" dp back with | 834 |
| 72 | flo-pro 4" down pipe | 834NM |
| 73 | 4" aluminized cat/dpf | 835NB |
| 74 | flo pro dpf delete pipe | 837NB |
| 75 | anarchy diesel autocal | 84130ADTAC |
| 76 | 11-16 Ford 6.7 4" | 852NB |
| 77 | 11-17 6.7 power stroke | 853NB |
| 78 | flo pro dpf delete | 857B |

| Ref No. | Product Name | Part Number |
|---------|--------------|-------------|
| 79 | 2011-2015*, 6.6L | 862 |
| 80 | eco diesel exhaust | 863 |
| 81 | 14-16 eco diesel ram | 863NB |
| 82 | flo-pro 864 4" | 864 |
| 83 | flo pro 11-12 4" | 864nm |
| 84 | flo pro 2013-2017 | 868NB |
| 85 | 11.5-16 6.6 Duramax 4" | 871 |
| 86 | 09-16 dodge 6.7L | 87110 |
| 87 | 15.5-16 6.6 duramax 4" | 871NM |
| 88 | 2015.5 duramax 6.6L | 872 |
| 89 | flo pro 2016 canyon 2.8 | 875 |
| 90 | 2014-17 grand c | 876 |
| 91 | 11-17 6.7 cab & chassis | 877NM |
| 92 | flo pro exhaust 3.0 | 889 |
| 93 | 2015-2016 6.7L | 95130 |
| 94 | bew/bhw egr cooler | AAR698 |
| 95 | 07.5-09 4in dodge | AD004TB |
| 96 | anarchy diesel tu | ADE |
| 97 | 13+ 6.7 cummin ez lynk | ADEZ |
| 98 | 2011-2016 6.6 duramax | ADEZDM |
| 99 | ezlynk perm tune s | ADEZFD |
| 100 | ez lynk auto agent 2 | ADEZLYNK2BK |
| 101 | EZ LYNK 6.7 power | ADEZLYNK2FT |
| 102 | anarchy diesel a | ADLMLAC |
| 103 | 2007.5-2010 lmm duramax | ADLMMAC |
| 104 | anarchy diesel tune | ADT |
| 105 | anarchy diesel lml tune | ADT116TF |
| 106 | anarchy diesel tu | ADT674G |
| 107 | anarchy diesel vin | ADTACL |
| 108 | anarchy diesel | ADTEB |
| 109 | anarchy diesel ez lynk | ADTEZ1 |
| 110 | ez lynk tune share | ADTEZPERM |
| 111 | ez lynk tune share | ADTEZSP |
| 112 | anarchy diesel | ADTL |
| 113 | anarchy diesel tuning | ADTLLYAC |
| 114 | anarchy diesel single | ADTLMLST |
| 115 | anarchy diesel csp5 | ADTPLV |
| 116 | anarchy diesel | ADTT |
| 117 | tune revision for non | ADTTR |
| 118 | anarchy vin license for | ADTVINLIC |

| Ref No. | Product Name | Part Number |
|---|---|---|
| 119 | anarchy diesel autocal | ADTWE |
| 120 | autocal lite | AUC |
| 121 | up-pipe block off | BEPD20022 |
| 122 | egr kit | BEWEGR |
| 123 | 15.5+ GM 5in downpipe | C505DB |
| 124 | 11-15 chevy/gmc | C6044P |
| 125 | p1 exhaust upgrade 4" | C6145P |
| 126 | 08-10 F250/F350/F450 | CFAL457 |
| 127 | MBRP 4in pipe w/o bungs | CFAL463 |
| 128 | egr valve/cooler | D20010 |
| 129 | egr valve/cooler | D200100 |
| 130 | egr upgrade kit ford | D30002 |
| 131 | egr upgrade kit ford | D30003 |
| 132 | lbz/lmm egr upgrade | DEV73111 |
| 133 | 08-10 cooler delete 6.4 | EC64 |
| 134 | 6.0 diesel egr delete | EGR60 |
| 135 | egr-bypass up-pi | EGR60EX |
| 136 | 03-07 ford 6.0 cooler & | EGR61 |
| 137 | flo-pro 6.0 diesel | EGR62 |
| 138 | 08-10 ford 6.4 egr | EGR640CD |
| 139 | 08-10 ford 6.4 EGR | EGR64CD |
| 140 | duramax ez lynk with | EZLYNK |
| 141 | EZ Lynk Auto Agent for | EZLYNKLML |
| 142 | 03.5-07 ford 4in turbo | F003TB-MD |
| 143 | (R-EGRD-11-14FORD-HOSE) | GDP220009 |
| 144 | 2017+ powerstroke 6.7L | GDP220012 |
| 145 | 15.5-16 powerstroke | GDP221011 |
| 146 | (R-EGRD-06-07.5LBZ-UPP) | GDP421019 |
| 147 | gearhead single tow | GHST |
| 148 | gear head custom tunes | GHT |
| 149 | gearhead tuning single | GHT1 |
| 150 | gear head 6.0 tunes - 3 | GHT3MI |
| 151 | gear head tune pack | GHT4 |
| 152 | gear head tuning 4 | GHT-4PACK |
| 153 | gearhead tunes 6.4 | ght64 |
| 154 | gearhead tuning 4 pack | GHT-PACK |
| 155 | gear head 6.0 tune | GHTPK1 |
| 156 | gearhead tuning custom | GHTPK4 |
| 157 | gear head tunes | GHTRETUNE |
| 158 | gearhead hot street | GHTS |

| Ref No. | Product Name | Part Number |
|---------|--------------|-------------|
| 159 | gear head tow tune file | GHTTOW |
| 160 | gear head tuneing 6.0 | GHTTUNE |
| 161 | 08-10 ford 6.4 race | IE300 |
| 162 | 03-07 4in ford | JAMAF003TB |
| 163 | malone tune 1.5 | MDT |
| 164 | malone tune | MT1.0 |
| 165 | EGR solution | OD-EGRD-ECO1 |
| 166 | PPEI tune | PPEITUNE |
| 167 | 07-10 lmm duramax | R-EGRD-07-10LM |
| 168 | LML Race Kit | SDP-1045 |
| 169 | EGR cooler upgrade kit | SDPT |
| 170 | 10-12 6.7 cummins 4" | SS1849 |
| 171 | 11-15 6.6 duramax 5" | SS664 |
| 172 | 2015.5+ durmax 6.6L 5" | SS671 |
| 173 | flo pro stainless dpf | SS837NB |
| 174 | flo-pro 4" stainless | SS852NB |
| 175 | 11-17 6.7 f250/f350 4" | SS857NB |
| 176 | tyrant diesel custom | TDCT |
| 177 | tyrant tuning | TT |
| 178 | tyrant tunes - single | TYT |
| 179 | tyrant single tune | TYT1 |
| 180 | tyrant tune 2 tune | TYT2 |
| 181 | tyrant 4 tune pack | TYT4 |
| 182 | tyrant single tune | TYT60 |
| 183 | tyrant ez lynk sotf | TYTEZ |
| 184 | tyrant ezlynk tune pack | TYTEZLYNK |
| 185 | TYRANT EZLYNK TUNE | TYTEZ-SINGLE |
| 186 | ez lynk single tune - 4 | TYTEZSINGLEN |
| 187 | tyrant ez lynk sotf | TYTEZSOTF |
| 188 | tyrant diesel ez-lynk | TYTEZ-SOTF |
| 189 | single tune - stock | TYT-SINGLE |
| 190 | tyrant tuning sotf | TYTSOTF |
| 191 | tyrant diesel tunes - 2 | TYT-TUNES |